The Honorable Katherine Fernandez Rundle State Attorney Eleventh Judicial Circuit of Florida 1350 Northwest 12th Avenue Miami, Florida 33136-2111
Dear Ms. Rundle:
You have asked for my opinion on substantially the following question:
Does section 112.533(2)(a), Florida Statutes, which provides for the confidentiality of pending police internal affairs investigations, apply to an inactive criminal investigative file maintained by the state attorney's office during the pendency of a police internal affairs investigation concerning the same complaint?
In sum:
The confidentiality provisions of section 112.533, Florida Statutes, do not exempt an inactive criminal investigative file from inspection and copying pursuant to section 119.07, Florida Statutes, while an active internal affairs investigation is pending concerning the same complaint.
According to your letter, the following situation arose recently, and you seek direction in complying with your various statutory responsibilities relating to inactive criminal investigative files:
The state attorney's office and the Miami-Dade Police Department conducted a joint investigation of a police officer for possible criminal offenses. An internal affairs investigation was also opened during this investigation for possible administrative offenses, but was suspended during the pendency of the criminal investigation. The state attorney's office determined that there was insufficient evidence to prosecute the officer on a criminal charge and closed its investigation. Following conclusion of the state attorney's investigation, the police department completed its administrative investigation. The police department's procedure resulted in the subject officer being compelled to provide a statement responding to the administrative charges. Prior to his doing so, the officer obtained a copy of the closed criminal investigative file from the state attorney's office, and thereby, had the benefit of all statements, reports and other information contained therein.
Initially, I would note that pursuant to section 112.533(2)(c), Florida Statutes, the complaint and information relating to an internal investigation of a law enforcement officer must be made available to state attorneys "in the conduct of a lawful criminal investigation." Further, under the provisions of section 112.533, Florida Statutes, a law enforcement officer who is the subject of a complaint "may review the complaint and all statements regardless of form made by the complainant and witnesses immediately prior to the beginning of the investigative interview."[1] Thus, the officer has access to all information relating to the administrative complaint filed against him or her prior to beginning any investigative interview.
Concerns have been raised regarding the need to maintain the confidentiality of inactive criminal investigative files of the state attorney's office during the pendency of an internal affairs investigation. In addition to these considerations, your office is charged by Chapter 119, Florida Statutes, with enforcing the Public Records Law. You have asked for my assistance in clarifying your duties to protect the confidentiality of internal affairs matters as well as to provide access to public records in your office. According to information received from your office, the current policy is to treat these inactive files as public records.
Part VI, Chapter 112, Florida Statutes, contains what is commonly referred to as the Law Enforcement Officer's Bill of Rights.[2]
Section 112.532, Florida Statutes, sets forth the rights and privileges of law enforcement and correctional officers while they are under investigation, establishes the composition of complaint review boards, requires that officers receive notice of disciplinary action, and prohibits retaliation against officers for the exercise of these rights.
Section 112.533(1), Florida Statutes, requires that "[e]very law enforcement agency and correctional agency shall establish and put into operation a system for the receipt, investigation, and determination of complaints" against law enforcement or correctional officers.[3] Subsection (2) states:
"(a) A complaint filed against a law enforcement officer or correctional officer with a law enforcement agency or correctional agency and all information obtained pursuant to the investigation by the agency of such complaint shall be confidential and exempt from the provisions of s. 119.07(1) until the investigation ceases to be active, or until the agency head or the agency head's designee provides written notice to the officer who is the subject of the complaint, either personally or by mail, that the agency has either:
1. Concluded the investigation with a finding not to proceed with disciplinary action or to file charges; or
2. Concluded the investigation with a finding to proceed with disciplinary action or to file charges.
* * *
(b) This subsection does not apply to any public record which is exempt from public disclosure pursuant to s. 119.07(3). For the purposes of this subsection, an investigation shall be considered active as long as it is continuing with a reasonable, good faith anticipation that an administrative finding will be made in the foreseeable future. An investigation shall be presumed to be inactive if no finding is made within 45 days after the complaint is filed."
Subsection (2)(c) of section 112.533, Florida Statutes, provides:
"Notwithstanding other provisions of this section, the complaint and information shall be available to law enforcement agencies, correctional agencies, and state attorneys in the conduct of a lawful criminal investigation."
Any person who is a participant in an internal affairs investigation and willfully discloses any information obtained pursuant to the agency's investigation under section 112.533
before the information becomes public commits a first degree misdemeanor.[4]
As the Fourth District Court of Appeal noted in City of DelrayBeach v. Barfield,[5] when dealing with a question relating to confidentiality of internal affairs investigations and the Public Records Law:
"The primary intent voiced by the legislature in section 112.533, as indeed in chapter 119, is openness and the availability of public records. The exemption in subsection (2)(a) is narrowly and quite specifically drawn; to claim its shelter, the agency must comply precisely with its provisions."[6]
Thus, the confidentiality provisions for internal affairs investigations conducted pursuant to Part IV, Chapter 112, Florida Statutes, must be read narrowly and may not be extended beyond the scope of those statutes.
The exemption afforded by section 112.533, Florida Statutes, is limited to information obtained during the agency's investigation of the complaint against the officer.[7] The provisions of this statute concern the handling of complaints against law enforcement and correctional officers by their employing agencies. While the protection afforded by section 112.533(2), Florida Statutes, relates to the complaint and ensuing investigation that may lead to disciplinary action, it does not cover information gathered during a criminal investigatory process such as criminal investigative or intelligence information. Protection for such information is provided by section 119.07(3), Florida Statutes.
The Public Records Law, Chapter 119, Florida Statutes, exempts active criminal intelligence information and active criminal investigative information from public inspection. To qualify as exempt, the record must both be "active" and constitute either "criminal investigative" or "criminal intelligence" information.[8]
Section 119.011(3)(d), Florida Statutes, provides that:
"1. Criminal intelligence information shall be considered "active" as long as it is related to intelligence gathering conducted with a reasonable, good faith belief that it will lead to detection of ongoing or reasonably anticipated criminal activities.
2. Criminal investigative information shall be considered "active" as long as it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future."
Further, the statute provides that criminal intelligence and criminal investigative information shall be considered "active" while such information is directly related to pending prosecutions or appeals.
Thus, as long as an investigation is ongoing, the information contained in a state attorney's criminal investigative files is exempt from production under the Public Records Law. However, once the investigation has concluded and is no longer "active," no exemption attaches to these records that would prevent inspection and copying of the state attorney's closed criminal investigative files.[9]
While a determination must be made whether any specific exemption set forth in section 119.07(3), Florida Statutes, may apply, there is no general provision for confidentiality of an entire record or file.[10] For example, the state attorney's files may contain information revealing the identity of a confidential informant[11]
or the home address of a law enforcement officer.[12] Such information must be deleted from the state attorney's investigative files before they are released for public inspection and copying under section 119.07(1), Florida Statutes, but the exemption only applies to the specific information and the rest of the document must be made available.[13] Further, references to other criminal or internal investigations that may be ongoing and involve other individuals must be evaluated to determine whether release of such information would violate section 112.533(4) or section 119.07(3), Florida Statutes.
Therefore, it is my opinion that the confidentiality provisions of section 112.533, Florida Statutes, do not exempt an inactive criminal investigative file from inspection and copying pursuant to section 119.07, Florida Statutes, while an active internal affairs investigation is pending concerning the same complaint.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 112.533(1), Fla. Stat. And see, Op. Att'y Gen. Fla. 96-27 (1996) (s. 112.533[2][a], Fla. Stat., does not restrict a law enforcement officer's access to reports and writings that are public records and not otherwise made confidential; the statute allows an officer who is the subject of a complaint to have access to the complaint and written statements that would otherwise be confidential under s. 112.533, Fla. Stat., as a part of the investigation).
[2] See, e.g., Op. Att'y Gen. Fla. 91-73 (1991).
[3] Section 112.533(1), Fla. Stat.
[4] Section 112.533(4), Fla. Stat.
[5] 579 So.2d 315 (Fla. 4th DCA 1991).
[6] Id. at 318.
[7] See, Op. Att'y Gen. Fla. 91-73 (1991).
[8] Section 119.07(3)(d), Fla. Stat. And see, Op. Att'y Gen. Fla. 96-05 (1996).
[9] Cf., Op. Att'y Gen. Fla. 96-05 (1996), concluding that a police report of the agency's criminal investigation of an officer is a public record after the investigation has been concluded regardless of whether a copy of the report is forwarded to the Criminal Justice Standards and Training Commission.
[10] See, Op. Att'y Gen. Fla. 96-27 (1996) (s. 112.533[2][a], Fla. Stat., does not restrict a law enforcement officer's access to reports and writings that are public records and not otherwise made confidential; the statute allows an officer who is the subject of a complaint to have access to the complaint and written statements that would otherwise be confidential under s. 112.533, Fla. Stat., as a part of the investigation).
[11] Section 119.07(3)(c), Fla. Stat.
[12] Section 119.07(3)(i)1., Fla. Stat.
[13] Section 119.07(2)(a), Fla. Stat., requires the custodian of the record to delete only that portion of the record for which an exemption is asserted and to provide the remainder of the record for examination.